IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JEMIMA PEDDIE, | : | CIVIL ACTION NO. |
| | : | 1:17-CV-4405-WSD-JSA |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| INCOMM, | : | **ORDER AND NON-FINAL REPORT** |
| | : | **AND RECOMMENDATION ON A** |
| Defendant. | : | **MOTION TO DISMISS** |

Plaintiff Jemima Peddie, proceeding *pro se*, filed this action on November 3, 2017. In her Complaint [4], Plaintiff alleges that Defendant discriminated against her on the basis of her race (African-American), and unlawfully retaliated against her, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* The action is now before the Court on Defendant's Motion to Dismiss [21]. Defendant moves to dismiss Plaintiff's Complaint without prejudice under Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure. For the reasons discussed below, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [21] be **DENIED**. The Court **ORDERS** that the deadline for Plaintiff to serve Defendant is extended *nunc pro tunc* through **March 8, 2018**.

**I.    BACKGROUND**

Plaintiff initiated this action by filing an Application for Leave to Proceed in District Court without Prepaying Fees or Costs [1] on November 3, 2017. On November 8, 2017, the undersigned recommended that Plaintiff's Application [1] be denied. *See* Report and Recommendation [2]. Plaintiff paid the filing fee and filed her Complaint [4] on November 15, 2017. Thereafter, on December 19, 2017, the District Judge entered an Order [10] finding the Report and Recommendation [2] moot, and denying the Application [1] as moot.

Plaintiff filed a Return of Service [7] on November 20, 2017. The Return of Service is executed by "Darren B. Harris, Sr., Process Server" and indicates that Defendant was served on November 17, 2017, by means of service on "Janice Valavez (Mail Room Coordinator)," who, according to the Return of Service, is "designated by law to accept service of process" on behalf of Defendant. *See* Return of Service [7] at 1. Defendant filed its Answer [8] on December 8, 2017. In the Answer, among other defenses, Defendant asserted that the Complaint failed for insufficiency of service of process. *See* Answer [8] at 6.

On January 5, 2018 and January 8, 2018, the parties filed their Preliminary Reports and Discovery Plans [13][14] separately, as permitted under the Local Rules when one party is representing herself *pro se. See* LR 16.2, NDGa. The parties

indicated that they conducted the Rule 26(f) conference on January 3, 2018. *See* Defendant's Preliminary Report and Discovery Plan [13] at 8; Plaintiff's Preliminary Report and Discovery Plan [14] at 6. On January 9, 2018, the Court entered a Scheduling Order [16] setting the end date for discovery as May 7, 2018. *See* Scheduling Order [16] at 1.

Defendant filed its Motion to Dismiss [21] on February 21, 2018. Plaintiff filed a Response [26] ("Pl. Br.") in opposition to the Motion to Dismiss on March 6, 2018, and Defendant filed a Reply [28] ("Def. Reply Br.") in further support of its Motion to Dismiss on March 12, 2018.

On March 13, 2018, Plaintiff filed a second return of service, entitled "Sheriff's Entry of Service" [29]. The Sheriff's Entry indicates that Defendant was again served on March 8, 2018, by a Deputy Sheriff of Gwinnett County, Georgia, by leaving a copy of "the within action and summons" with "Alisha Smith, in charge of the office and place of doing business of said Corporation in this County." *See* Sheriff's Entry [29]. The name and address of the party to be served is listed as "Corporation Service Company (In care of Brooks Smith), 40 Technology Parkway South Suite 300, Norcross, Georgia 30092." *See id.*

## II.   DISCUSSION

### A.   *Standard on a Motion to Dismiss for Insufficient Service of Process*

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Thus, for that reason, whenever a court finds that a defendant has not been properly served under the Federal Rules of Civil Procedure, it is "improper for the district court to . . . reach[ ] the merits in th[e] case and to . . . issue[ ] a dismissal with prejudice." *Jackson v. Warden, FCC Coleman–USP*, 259 F. App'x 181, 183 (11th Cir. 2007); *see also Pelmore v. Pinestate Mortg. Corp.*, No. 1:09-CV-2313-TWT, 2010 WL 520767, at *5 (N.D. Ga. Feb. 8, 2010) (Thrash, J.) (quoting *Jackson,* 259 F. App'x at 183); *Innomed Tech., Inc. v. Worldwide Med. Tech., Inc.*, 267 F. Supp. 2d 1171, 1173 (M.D. Fla. 2003) ("[a] court without personal jurisdiction is powerless to take further action") (citing, *inter alia, Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999)).

Service of process in the federal courts is generally governed by Rule 4 of the Federal Rules of Civil Procedure, which provides, in relevant part:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

4

Fed. R. Civ. P. 4(c)(1).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides the time limit for effecting service:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Unless service is waived, the person effecting service must file proof of service with the Court. Fed. R. Civ. P. 4(l)(1). Except for those cases in which service is made by a United States Marshal or Deputy Marshal, proof must be by the server's affidavit. *Id.*

Rule 4(h) establishes the proper method of service of process upon corporations and partnerships. Pursuant to Rule 4(h), service upon a corporation or partnership may be effected either by: (1) complying with the requirements of service under the law of the state in which the district court is located or in which service is effected, or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1).

5

As this Court is located in Georgia, service may be made pursuant to Georgia law. Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). The applicable Georgia statute states, in relevant part, that service may be made:

> If the action is against a corporation incorporated or domesticated under the laws of this state or a foreign corporation authorized to transact business in this state, to the president or other officer of such corporation or foreign corporation, a managing agent thereof, or a registered agent thereof, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of such corporation or foreign corporation upon whom any process, notice, or demand may be served.

O.C.G.A. § 9-11-4(e)(1)(A).

In addressing the issue of service, "the serving party . . . bears the burden of proof with regard to validity of service." *Anderson v. Dunbar*, 678 F. Supp. 2d 1280, 1297 (N.D. Ga. 2009) (citing *Sys. Sings Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)); *Profit v. Americold Logistics, LLC*, No. 1:07-cv-1920-TWT, 2008 WL 1902190, at *4 (N.D. Ga. Apr. 25, 2008).

B.  *Defendant's Motion to Dismiss*

As an initial matter, the Court finds that Defendant's Motion to Dismiss was not timely filed. Rule 12(b) of the Federal Rules of Civil Procedure states that any motions asserting defenses under Rule 12(b), including the defense of insufficient service of process under Rule 12(b)(5), must be filed "before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Defendant filed a responsive pleading—

6

its Answer [8]—on December 8, 2017, and did not file the Motion to Dismiss until approximately two and a half months later, on February 21, 2018. Defendant has not articulated any reason for this delay. Thus, while Defendant did assert the defense of insufficient service of process in the Answer, and the Court does not find that the defense of insufficient service of process itself was waived, the issue was not properly presented via a motion to dismiss under Rule 12(b).

Independently of timing, the Court also finds the Motion to Dismiss to be meritless. The Court devotes the remainder of its discussion to the interrelated issues of whether the time for service under Rule 4(m) should be extended, and whether the Motion to Dismiss should be denied.

Plaintiff's first Return of Service [7] indicates that service was made upon Janice Valavez on November 17, 2017, and that Valavez is "designated by law to accept service" on Defendant's behalf. It is undisputed that this purported service was timely. In its Memorandum [21-1] ("Def. Br.") accompanying its Motion to Dismiss, however, Defendant asserts that it has no employee named Janice Valavez. Defendant states that it hosted a ninth-grade student intern named Janice Vazquez, who was 14 years old on Friday, November 17, 2017, and who would have been working and wearing a school uniform on that date. *See* Def. Br. at 2–3. Defendant therefore suggests that the process server likely purported to serve this student with the

7

summons and the Complaint. Defendant states that the service on Vazquez was insufficient under the applicable legal rules for service of a corporation, as Vazquez is not a registered agent, an officer, a managing or general agent or any other agent authorized to receive service of process on Defendant's behalf. *See id.* at 4–6. Thus, Defendant argues, more than 90 days have passed since Plaintiff filed her Complaint on November 15, 2017, and Defendant has not been properly served within that time, nor has good cause been shown for Plaintiff's failure to serve Defendant, and therefore, the Complaint should be dismissed without prejudice. *See id.* at 5–7. Defendant additionally states that it notified Plaintiff in the Answer [8], at the Rule 26(f) conference, and in Defendant's Preliminary Report and Discovery Plan [13] that it believed service of process was insufficient. *See id.* at 3.[1]

In her Response, Plaintiff does not dispute Defendant's account that the process server apparently served process on a 14-year-old intern wearing a school uniform. *See* Pl. Br. at 1–3. Instead, Plaintiff argues that Defendant violated its own rules and policies prohibiting interns from handling confidential or sensitive information by allowing Vazquez to handle the Complaint. *See id.* at 2. Plaintiff also asserts that Defendant did not notify her at the conference that it believed service of process was

---

[1] The Court does not agree that Defendant raised the issue of service of process in its Preliminary Report and Discovery Plan [13]. At most, Defendant indicated that discovery would be needed as to its affirmative defenses. *See* Defendant's Preliminary Report and Discovery Plan [13] at 2.

insufficient. *See id.* at 1. Plaintiff states that "[t]he Defendant is being served." *See id.* Additionally, Plaintiff states that Defendant is not "prejudice but Plaintiff was diligent." *See* Pl. Br. at 1. Plaintiff argues that the Complaint was delivered to Defendant, as evidenced by the fact that Defendant filed an Answer. *See id.* at 2.

In its Reply, Defendant argues that Plaintiff's argument about its intern policy is a "red herring," as Plaintiff does not actually dispute that her purported service of process on November 17, 2017 was, in fact, insufficient. Def. Reply Br. at 1–2. Defendant states that none of Plaintiff's arguments or representations amount to the legally required showing of "good cause" to excuse her improper service of process. *See id.* at 1–3.

The Court agrees with Defendant that the purported service of process made on November 17, 2017 was insufficient in this case. Defendant has demonstrated that the person to whom the process server delivered the summons and Complaint was, in all likelihood, a minor high school student, and Plaintiff has not disputed Defendant's account of the facts. Because the Complaint was filed November 15, 2017, the deadline for service under Rule 4(m) was February 13, 2018. Thus, as Plaintiff did not attempt to re-serve Defendant until March, Plaintiff did not serve Defendant within the time period allowed under Rule 4(m).

9

Nevertheless, the 90-day time period imposed by Rule 4(m) was not meant to be enforced harshly or inflexibly. *Floyd v. United States*, 900 F.2d 1045, 1049 (7th Cir. 1990); *Williams v. Publix Warehouse*, 151 F.R.D. 428, 431 (M. D. Fla. 1993). The rule was intended "to be a useful tool for docket management, not an instrument of oppression." *Floyd*, 900 F.2d at 1049 (quoting *United States v. Ayer*, 857 F.2d 881, 885–86 (1st Cir. 1988)). After expiration of the 90-day time limit, Rule 4(m) provides two methods by which a plaintiff may avoid dismissal of the complaint: through a showing of "good cause," or by convincing the court that it should exercise its discretion and extend the time for service even absent a showing of good cause. Fed. R. Civ. P. 4(m); *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *see also Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996); *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir.1995).

> [T]he plain language of the rule itself explains that in all cases, the court has the option of dismissing the action or extending time for service. The fact that the word "shall" is used along with the disjunctive "or" in the first clause indicates that the court has discretion to choose one of these options. As an exception to this general provision, the second clause notes that if good cause exists, the district court has no choice but to extend time for service. Thus, the logical inference that can be drawn from these two clauses is that the district court may, in its discretion, extend time even absent a finding of good cause.

*Petrucelli*, 46 F.3d at 1305; *see also* Fed. R. Civ. P. 4(m) advisory committee notes to 1993 amendments ("The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").[2]

"Good cause exists only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation marks omitted). "To demonstrate good cause, the [p]laintiff must offer evidence that [s]he (1) has proceeded in good faith; (2) has a reasonable basis for noncompliance; (3) and the basis for the delay was more than simple inadvertence or mistake." *Daker v. Donald*, No. 1:06-CV-0054-RWS, 2008 WL 1766958, at *3 (N.D. Ga. Apr. 14, 2008) (Story, J.) (citations omitted). "[T]he mere absence of prejudice, inadvertent error, or ignorance of the rules does not constitute good cause," *Pridemore v. Regis Corp.*, No. 3:10-cv-605-J-99MMH-JBT, 2011 WL 9120, at *2 (M.D. Fla. Jan. 3,

---

[2]The current version of Rule 4(m) uses the word "must" rather than "shall." Prior to December 1, 2015, Rule 4(m) allowed 120 rather than 90 days in which to serve the summons and complaint.

2011) (citation omitted), and a plaintiff's "*pro se* status does not entitle [her] to more lenient scrutiny," *Lowe v. Hart*, 157 F.R.D. 550, 553 (M.D. Fla. 1994).

However, "[e]ven in the absence of good cause, a district court has the discretion to extend the time for service of process." *Lepone-Dempsey*, 476 F.3d at 1281 (citations omitted). Indeed, "when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* at 1282. "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Id.* According to the advisory committee's notes to the 1993 amendments to Rule 4(m), relevant factors include, but are not limited to, whether the statute of limitations would bar a re-filed action and whether the defendant was evading service or concealing a defect in service. *See id.* (citing Fed. R. Civ. P. 4(m), advisory committee notes to 1993 amendments). Other relevant circumstances include the nature of the plaintiff's efforts to serve the defendant after the 90-day time period has expired, whether the defendant would be prejudiced by the extension, and the judicial preference for adjudication on the merits. *See, e.g., Butler v. Cleburne Cty. Comm'n*, No.

12

1:10-cv-2561-PWG, 2012 WL 2357740, at *4 (N.D. Ala. Jan. 17, 2012), *report and recommendation adopted*, 2012 WL 2357741, at *1 (N.D. Ala. June 14, 2012).

Under the circumstances of this case, the Court finds that Plaintiff has demonstrated good cause for her failure to serve Defendant on or before February 13, 2018. First, it is apparent that Plaintiff secured the services of a professional process server almost immediately after filing her Complaint, as the attempted service on November 17, 2017 occurred two days after the Complaint was filed. Moreover, after the Motion to Dismiss was filed, Plaintiff acted to re-serve Defendant and filed a Sheriff's Entry of Service stating that a second service was made on March 8, 2018.

Second, Plaintiff appears to have had a reasonable basis for noncompliance with the Rule 4(m) deadline, in that Defendant has not shown that Plaintiff had reason to doubt the effectiveness of the November 17, 2017 service. It is not clear that Defendant notified Plaintiff of the specific reason it believed the November 17, 2017 service was insufficient until it filed the Motion to Dismiss [21] on February 21, 2018, more than three months after Plaintiff filed her initial Return of Service [7]. Defendant claims to have given notice of the issue of ineffective service three times: in its Answer, in which it raised the affirmative defense of insufficient service of process; at the Rule 26(f) conference; and in its Preliminary Report and Discovery Plan [13]. *See* Def. Br. at 3. However, the Answer did not identify any specific reason why

13

service of process was insufficient; Defendant's Preliminary Report and Discovery Plan says nothing about service of process; and Plaintiff states that, contrary to Defendant's assertion, defective service was not discussed at the Rule 26(f) conference. *See* Pl. Br. at 1.

Third, and relatedly, the Court finds that Plaintiff's basis for delay was more akin to an "outside factor, such as reliance on faulty advice," which the Eleventh Circuit has specifically approved as a ground for good cause, than mere "inadvertence or negligence." *See Lepone-Dempsey*, 476 F.3d at 1281. The return of service filed by Plaintiff's process server indicated that the recipient of service was authorized by law to accept service of process. There is no evidence that Defendant told Plaintiff that the process server had served a high school student, or that Plaintiff had reason to doubt the assurances of her professional process server, until Defendant filed the Motion to Dismiss. In sum, this is not a case in which the failure to meet the Rule 4(m) service deadline resulted from a lack of diligence on Plaintiff's behalf in attempting to serve Defendant; rather, Plaintiff acted quickly to serve Defendant after filing the Complaint, and Defendant did not notify Plaintiff what it believed to be defective about service until the Rule 4(m) deadline had already passed.

Even if Plaintiff had on failed to demonstrate good cause for failing to serve Defendant properly by February 13, 2018, for a number of reasons, the Court would

14

exercise its discretion under Rule 4(m) to extend the time for Plaintiff to effectuate proper service. As Plaintiff points out, it is clear that Defendant had actual notice of the lawsuit, because Defendant filed an Answer and has allowed the case to proceed to discovery. Defendant does not claim any prejudice from the insufficient service of process.

Plaintiff, on the other hand, would be harshly prejudiced if Defendant's Motion to Dismiss were granted, as the 90-day statute of limitations under Title VII might arguably bar her from re-filing this action notwithstanding that dismissal was "without prejudice." *See Bost v. Federal Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) ("Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations."); *see also Jackson v. Hall Cty. Gov't, Ga.*, 568 F. App'x 676, 679 (11th Cir. 2014) (upholding Rule 11 sanctions against attorney who re-filed Title VII suit outside the 90-day statute of limitations after the first suit was dismissed without prejudice for insufficient service of process, in light of *Bost*); *Butler v. Cleburne Cty. Comm'n*, No. 1:10–cv–2561–PWG, 2012 WL 2357740 at *4 (N.D. Ala. Jan. 17, 2012) (finding that dismissal under Rule 4(m) without prejudice would "work an unduly harsh result" because it would time-bar the re-filing of claims under the Age Discrimination in Employment Act). Thus, allowing an extension of the time

for Plaintiff to serve Defendant properly will serve the purpose of allowing this action to be adjudicated on its merits.

### III.  CONCLUSION AND RECOMMENDATION

Having found that Plaintiff has shown good cause for her failing properly to serve Defendant by the Rule 4(m) deadline, the Court finds that it "must" extend the deadline for Plaintiff to serve Defendant. Fed. R. Civ. P. 4(m). As Plaintiff has filed a Sheriff's Entry of Service [29] stating that service was made on March 8, 2018, the Court finds that it is appropriate to extend the service deadline through that date. Accordingly, it is **ORDERED** that the deadline for Plaintiff to serve Defendant is extended, *nunc pro tunc*, through **March 8, 2018**.

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss [21] be **DENIED**.

**IT IS SO ORDERED** and **RECOMMENDED** this 22nd day of March, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

16