IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEMIMA PEDDIE,

        Plaintiff,

v.

INCOMM,

        Defendant.

1:17-cv-4405-WSD-JSA

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Justin S. Anand's Non-Final Report and Recommendation [33] ("Non-Final R&R"), recommending denial of Defendant Incomm's ("Defendant") Motion to Dismiss [21] ("Motion to Dismiss").

**I.    BACKGROUND**

On November 15, 2017, Plaintiff Jemima Peddie ("Plaintiff"), proceeding *pro se*, filed her Complaint [4] alleging Defendant discriminated against her on the basis of her race (African-American), and unlawfully retaliated against her, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* ([33] at 1). On November 20, 2017, Plaintiff filed a Return of Service [7] indicating service on "Janice Valavez (Mail Room

Coordinator)," who was, according to the Return of Service, "designated by law to accept service of process" on Defendant's behalf. ([7] at 1). On December 8, 2017, Defendant filed its Answer [8]. In the Answer, Defendant argues, among other things, that Plaintiff failed to execute sufficient service. ([8] at 6). On February 21, 2018, Defendant filed its Motion to Dismiss arguing that service was insufficient because Plaintiff's process server served process on "a fourteen-year-old intern wearing a school uniform." ([33] at 8). On March 6, 2018, Plaintiff filed her Response in Opposition to Defendant's Motion to Dismiss [26] ("Response").

On March 13, 2018, more than ninety days after the Complaint was filed, Plaintiff filed a second return of service, entitled "Sheriff's Entry of Service" [29] ("Sheriff's Entry"). The Sheriff's Entry states that Defendant was served on March 8, 2018, by a Gwinnett County Deputy Sheriff. ([29] at 1). The Sheriff's Entry notes further that service was executed by leaving a copy of "the action and summons" with "Alisha Smith, in charge of the office and place of doing business of said Corporation." (Id.). The name and address of the party to be served is "Corporation Service Company (In care of Brooks Smith), 40 Technology Parkway South Suite, 300, Norcross, Georgia 30092." (Id.).

On March 22, 2018, the Magistrate Judge issued his Non-Final R&R recommending denying Defendant's Motion to Dismiss. The Magistrate Judge noted first that Defendant's Motion to Dismiss is untimely because it was filed after Defendant filed its Answer—in contravention of Rule 12(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."); see also [33] at 6-7. The Magistrate Judge next found that dismissal is warranted because the Motion to Dismiss is "meritless." Id. at 7. Neither of the parties filed objections to the Non-Final R&R.

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss for Insufficient Service of Process

"A plaintiff is responsible for serving the defendant with both a summons and the complaint within the time permitted under Rule 4(m)." Anderson v. Osh Kosh B'Gosh, 255 F. App'x 345, 347 (11th Cir. 2006). Rule 4 of the Federal Rules of Civil Procedure states, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. (4)(m); see Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d

3

1277, 1281 (11th Cir. 2007).  Unless service is waived, the individual effecting service must file proof of service with the Court.  Fed. R. Civ. P. 4(1)(l).  Generally speaking, proof of service is demonstrated by a server's affidavit.  Id.

Rule 4(h) governs service of process upon corporations and partnerships.  Fed. R. Civ. P. 4(h).  It provides that service upon a corporation or partnership may be effected (1) by complying with the requirements of service under the law of the state in which the district court is located or in which service is effected, or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(h)(1).

Because this Court is located in Georgia, service may be made pursuant to Georgia law.  Fed. R. Civ. P. 4(e)(1).  The applicable Georgia statute states, in part,

> If the action is against a corporation incorporated or domesticated under the laws of this state or a foreign corporation authorized to transact business in this state, to the president or other officer of such corporation or foreign corporation, a managing agent thereof, or a registered agent thereof, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of such corporation or foreign corporation upon whom any process, notice, or demand may be served.

O.C.G.A. § 9-11-4(e)(1)(A).

Good cause for insufficient service exists "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey, 476 F.3d. at 1281. Even absent good cause, a district court has discretion to extend the time for service of process. Id. at 1282. "Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service." Id. "A Rule 12(b)(5) motion challenging sufficiency of service must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." Moore, 916 F. Supp. 2d at 1339. If the Rule 12(b)(5) motion meets these requirements, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service." Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); see Lowdon PTY Ltd. v. Westminster Ceramics, LLC, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008). "If the plaintiff presents countering evidence, the court must construe all reasonable inferences in favor of the plaintiff," id., and "the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process," Hollander v Wolf, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009); see Fru Veg Marketing, Inc. v. Vegfruitworld Corp., 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012).

"Service of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit." Abele v. City of Brooksville, Fla., 273 F. App'x 809, 811 (11th Cir. 2008); see Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."). A litigant's *pro se* status does "not excuse mistakes he makes regarding procedural rules." Nelson v. Barden, 145 F. App'x 303, 311 (11th Cir. 2005) (explaining that the court "never suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law").

    B.    <u>Magistrate Judge's Report and Recommendation</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S.

1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). Where, as here, there have been no objections, the Court reviews the Non-Final R&R for plain error.

### III. DISCUSSION

The Magistrate Judge first found, as an initial matter, that Defendant failed to timely file its Motion to Dismiss. ([33] at 6-7). Under Rule 12(b) of the Federal Rules of Civil Procedure, any motions asserting defenses under Rule 12(b), including the defense of insufficient service of process under Rule 12(b)(5), must be filed "before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). The Magistrate Judge found that because Defendant filed a responsive pleading—its Answer—on December 8, 2017, and did not file the Motion to Dismiss until approximately two and a half months later, on February 21, 2018, Defendant's Motion is improper. ([33] at 7). The Court finds no plain error in this finding.

The Magistrate Judge also determined, "[i]ndependently of timing," that Defendant's Motion to Dismiss is "meritless." Id. The Magistrate Judge concluded that, although the "process server apparently served process on a 14-year-old intern wearing a school uniform" on November 17, 2017, resulting in insufficient service of process, Plaintiff nevertheless "demonstrated good cause for her failure to serve" Defendant within the ninety day period prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. Id. at 9, 13. The Magistrate Judge found that "Plaintiff secured the services of a professional process server almost immediately after filing her Complaint" and attempted service only two days after its filing. Id. at 13. The Magistrate Judge next found that "Plaintiff . . . had a reasonable basis for noncompliance with the Rule 4(m) deadline [because] Defendant [did] not show[] that Plaintiff had reason to doubt the effectiveness of the November 17, 2017 service." Id.; see also Lepone-Dempsey, 476 F.3d at 1281. The Magistrate Judge found finally that Plaintiff's "basis for delay was more akin to an 'outside factor, such as reliance on faulty advice,' which the Eleventh Circuit has specifically approved as a ground for good cause . . . ." Id. at 14. The Court finds no plain error in these findings or conclusions.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Non-Final Report and Recommendation [33] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [21] is **DENIED**.

**SO ORDERED** this 17th day of May, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE